UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIT EDWARD CAPLAN,

    Plaintiff,

v.                                                      Case No: 6:13-cv-311-Orl-28TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Brit Edward Caplan ("Plaintiff") appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying his application for benefits. Plaintiff contends that the administrative law judge ("ALJ") erred by: (1) failing to state what weight, if any, she gave to the opinion of Dr. Eddyme Danger; (2) failing to account for Plaintiff's limitations in concentration, persistence, and pace, in accordance with Winschel v. Commissioner of Social Security, 631 F.3d 1176 (11th Cir. 2011); and (3) failing to consider Plaintiff's fractured spine and pelvis when deciding his severe impairments. For the reasons that follow, I respectfully recommend the Court **reverse** the Commissioner's final decision.

    I.        **Background**

Plaintiff was born in 1981 and has a high school education. At the time of his administrative hearing, he had no past relevant work history. (Tr. 26, 54, 56). On September 16, 2008, Plaintiff was in a car which veered off the road at 90 miles per hour and struck a barrier wall and two light poles. (Tr. 53-54, 296, 365, 368). He sustained multiple injuries in the accident, including injuries to his head and back. (Tr. 296, 361).

Pursuant to 29 C.F.R. §§ 404.1520(c) and 416.920(c), the ALJ found Plaintiff's severe impairments consisted of mood disorder and concentration problems, including moderate limitations in concentration, persistence, and pace. (Tr. 20, 21). But, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20).

The ALJ held that despite his impairments, Plaintiff still had the residual functional capacity to perform less than the full range of light work, including simple tasks (those which can be learned through an on the job demonstration or within 30 days), with occasional interaction with other workers, but no public interaction, unless it was superficial. (Tr. 22). In reaching her decision, the ALJ relied on the testimony of a vocational expert ("VE"). Based upon the VE's testimony, the ALJ found Plaintiff could perform work as a fast food worker, mail clerk, and factory packager and that he was not disabled. (Tr. 29). The Appeals Council denied review of the ALJ's decision, and Plaintiff timely filed this action. (Tr. 1-6).

## II.   Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The ALJ's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

There is a presumption in favor of the ALJ's findings of fact but the presumption does not attach to the ALJ's conclusions of law. Welch v. Bowen, 854 F.2d 436, 438 (11th Cir. 1988) (per curiam). The Court will reverse a final decision if the ALJ incorrectly applies the law or fails to provide sufficient reasoning for the Court to determine whether the ALJ properly applied the law. Keeton v. Dep't of Health & Human Serv's, 21 F.3d 1064, 1066 (11th Cir. 1992). When it reviews the Commissioner's final decision, the Court is authorized to "enter . . . a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a hearing." 42 U.S.C. § 405(g).

III.   Discussion

A.  Dr. Danger

Two weeks after his motor vehicle accident, Plaintiff began three weeks of inpatient rehabilitation. (Tr. 361). Dr. Danger was Plaintiff's attending physician during this time. (Tr. 361-62, 365-67). When Plaintiff was discharged, Dr. Danger wrote:

>   DISCHARGE DIAGNOSES:

>> 1. Gait disturbance and disability due to motor vehicle accident, September 16, 2008, involving multiple trauma including closed head injury, <Ranchos 7, +2 and 8>, mid cerebral contusion, right temporal intracerebral hemorrhage.

(Tr. 361). The ALJ's decision does not mention Dr. Danger or his diagnoses of gait disturbance and disability. (Tr. 17-30). Plaintiff alleges these omissions constitute reversible error. (Doc. 13, p. 9-11). He argues that the ALJ should have discussed Dr. Danger's opinion because the doctor is a specialist with firsthand knowledge of Plaintiff's ability to function. He maintains that if the ALJ was confused about what Dr. Danger meant by his diagnoses, then the ALJ had a duty to contact Dr. Danger and inquire. (Id.).

The Commissioner admits Plaintiff was severely injured in the accident and that while he was hospitalized and in rehabilitation, Plaintiff "was probably disabled." (Doc. 14, p. 11). The Commissioner also contends that within a short period of time, Plaintiff healed and his injuries were no longer disabling. (Id.). And, the Commissioner argues that what Dr. Danger recorded were merely "findings as one of several discharge diagnoses," and not medical opinions. (Doc. 14, p. 11).

The Regulations provide that the Commissioner "will always consider the medical opinions we receive." 20 C.F.R. § 416.927(a)(2)(b); 20 C.F.R. § 404.1527(a)(2)(b). "Medical opinion" is a defined term meaning:

>> Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.

Id. As a physician, Dr. Danger is qualified to render medical opinions. When he wrote that Plaintiff had a gait disturbance, he was giving a medical opinion which the ALJ should have addressed in her decision.

The Commissioner argues that despite failing to mention Dr. Danger or his diagnosis of gait disturbance, the ALJ addressed the doctor's assessments when she noted that Plaintiff remained hospitalized for three weeks during which he underwent "continued occupational, physical and speech therapy," before being discharged with a walker. (Tr. 25). The Commissioner's explanation falls short of what the Regulations and case law require. The Regulations state that the Commissioner will either give controlling weight to a medical opinion or consider all of the following factors in deciding what weight to give the opinion: (1) the examining relationship; (2) the treatment relationship including the length of the relationship, frequency of examination, and nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant evidence; (4) the consistency of the opinion with the record; (5) whether the medical source is a specialist; and (6) any other factors brought to the Commissioner's attention. 20 C.F.R. § 416.927(a)(2)(c); 20 C.F.R. § 404.1527(a)(2)(c). Case law holds that the ALJ must explain with particularity the weight she gives different medical opinions. Winschel, 631 F.3d at 1179 (citing Sharfaz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). The ALJ's failure to include this discussion in her decision was error.

Dr. Danger also referred to Plaintiff's "disability." In the Social Security context, this is a purely legal conclusion, not a medical opinion. Such conclusions are opinions on issues reserved for the Commissioner as an administrative finding dispositive of the case. 20 C.F.R. §§ 404.1527(d)(1); see also Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) ("We note that we are concerned here with the doctors' evaluations of Lewis's

condition and the medical consequences thereof, not their opinions of the legal consequences of his condition."). Still, opinions on issues reserved to the Commissioner "must never be ignored," and must be evaluated in accordance with 20 C.F.R. § 404.1527(d). SSR 96-5p, 1996 WL 374183 at *3. The Commissioner's policy emphasizes that an ALJ's decision must explain the consideration given to a treating source's opinion on the legal issue. SSR 96-5p at *1.

This raises the question of whether Dr. Danger was Plaintiff's "treating physician." There is no bright line test for determining who qualifies as a treating physician. The Eleventh Circuit has said a treating physician is the claimant's "own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." Nyberg v. Commissioner of Soc. Sec., 179 Fed.Appx. 589, 591 n. 3 (11th Cir. 2006) (quoting 20 C.F.R. § 404.1502). Section 404.1502 also provides that "we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)." Plaintiff's professional relationship with Dr. Danger lasted three weeks. Still, there is no evidence suggesting that while Plaintiff was hospitalized, he did not see Dr. Danger as frequently as he should have, or that Plaintiff did not require the type of treatment he received from Dr. Danger. For these reasons, and because the ALJ failed to make any findings on the issue, I find the wiser course is to classify Dr. Danger as a treating physician. Thus, the ALJ erred by failing to discuss Dr. Danger's report that Plaintiff was disabled.

If the basis for a treating physician's opinion is not clear, or if the record is

insufficient, the ALJ should recontact the treating physician. See SSR 96-5p ("For treating sources, the rules also require that we make every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear to us."); Robinson v. Astrue, 365 F. App'x 993, 999 (11th Cir. 2010) ("According to Social Security regulations, an ALJ should recontact a claimant's treating physician if the evidence in the record is otherwise inadequate to determine whether the claimant is disabled." (citing 20 C.F.R. §§ 404.1512(e), 416.912(e));[1] 20 C.F.R. §§ 404.1520b(c)(1), 416.920b(c)(1)(2013).  If the ALJ was in doubt about Dr. Danger's opinion, she should have attempted to contact him and ask for clarification.

For these reasons, I recommend that the Court reverse the decision of the Commissioner and remand this case for further proceedings.

B.  Plaintiff's Remaining Arguments

Plaintiff's remaining arguments focus on the ALJ's alleged errors in (a) failing to properly account for his moderate limitations in concentration, persistence or pace, and (b) failing to correctly consider Plaintiff's fractured spine and pelvis.  (Doc. 13 at 11-20). Because remand is required on the first issue raised by Plaintiff, it is unnecessary to review these additional objections to the ALJ's decision. Freese v. Astrue, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

---

[1] 20 C.F.R. §§ 404.1512(e) and 416.912(e) were amended to discuss consultative examinations. The current regulations on recontacting a treating physician provide that the ALJ may recontact the doctor or other medical source if the ALJ has insufficient evidence to determine whether a claimant is disabled or if the ALJ cannot reach a conclusion after weighing the evidence. 20 C.F.R. §§ 404.1520b(c)(1), 416.920b(c)(1)(2013)

Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1.  The Commissioner's final decision in this case be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

2.  The Clerk be directed to enter judgment accordingly and **CLOSE** the file. Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

3.  Plaintiff be directed that upon receipt of such notice, he shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on December 30, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record