UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIT EDWARD CAPLAN,

    Plaintiff,

v.                                                    Case No:   6:13-cv-311-Orl-28TBS

COMMISIONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Uncontested Petition for Attorney's Fees. (Doc. 18).  On January 21, 2014, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 16).  On January 22, 2014, the Clerk entered Judgment. (Doc. 17).  Plaintiff filed this application for attorney's fees on February 18, 2014. (Doc. 18).

Pursuant to M.D. FLA. R. 3.01(g), counsel for Plaintiff represents that Defendant's attorney has been contacted and has no objection to the requested relief.   Plaintiff seeks an award of attorney's fees in the amount of $2,660 and costs in the amount of $350 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).   Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.   28 U.S.C. § 2412(d).

Plaintiff asserts that he is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that his net worth at the time this proceeding was filed was less than two million dollars.  (Id. at 2).   The schedule of hours attached to the petition confirms the attorney's claimed hours.   (Doc. 18).

Plaintiff has attached a copy of his assignment of EAJA fees to his counsel.   (Doc. 18-1).   In light of the assignment, Plaintiff requests that the payment be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the EAJA, I respectfully recommend that the Court **GRANT** Plaintiff's petition for attorney's fees (Doc. 18) and award attorney's fees in the amount of **$2,660** plus **$350** in costs to be paid out of the judgment fund to Plaintiff's counsel if the Department of the Treasury determines that Plaintiff does not owe a debt to the government.

**Respectfully recommended** in Orlando, Florida on February 19, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record